**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0369-19T1

HENRY SMITH,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted October 21, 2020 – Decided November 18, 2020

Before Judges Vernoia and Enright.

On appeal from the New Jersey State Parole Board.

Henry Smith, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Suzanne Marie Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Henry Smith is a prison inmate serving a life sentence with a mandatory minimum of twenty-five years of parole ineligibility. He appeals, pro se, from the August 28, 2019 final agency decision of the New Jersey State Parole Board (Board) denying his application for parole and imposing a one hundred-month future eligibility term (FET). We affirm.

In 1989, appellant was found guilty of kidnapping and aggravated assault, among other offenses, following a May 1988 incident where he grabbed a fifteen-year-old girl, held her at knife point, and dragged her into his car. Appellant threatened to kill his victim and punched her in the face several times before she was able to escape. Appellant's criminal history also includes the 1975 murder of an eight-year-old girl.

In 2013, appellant first became eligible for parole for his 1988 offenses and was denied. He was eligible for parole again in 2019, but a two-member panel of the Board denied his parole request and referred the matter to a three-member panel to establish an FET. The two-member panel found appellant "does not seem to have any understanding of his violent, aggressive, [and] sexual actions. He blames the victim, alcohol [and] rejection. He expresses limited empathy [and] remorse for his victims."

A-0369-19T1

In April 2019, a three-member panel of the Board imposed a one-hundred-month FET, expressing its rationale in a thorough written opinion. The panel found the factors supporting denial of parole, collectively, were "of such a serious nature" as to warrant the setting of a one-hundred-month FET, which the panel deemed necessary to provide appellant with an opportunity to address the multiple issues identified by the panel. The panel acknowledged appellant's participation in institutional programming, but found his "lack of progress" in understanding his behavior and his "failure to appreciate the severity of [his] actions [was] reflective of an individual who requires further programming to assist [him] in addressing these deficiencies." Appellant appealed these decisions to the full Board, and the Board issued a final agency decision, affirming the panels' parole denial and establishment of a one-hundred-month FET.

Appellant presents the following contentions for our consideration:

POINT I

THE BOARD PANEL FAILED TO CONSIDER MATERIAL INFORMATION RENDERING THE DECISION AGAINST THE WEIGHT OF THE EVIDENCE.

POINT II

THE BOARD PANEL UTILIZED INCORRECT STANDARDS IN RENDERING ITS DECISION TO DENY PAROLE TO HENRY SMITH.

POINT III

THE BOARD PANEL SHIFTED THE BURDEN OF PROOF TO MR. SMITH TO PROVE THAT HE IS READY FOR PAROLE IN CONTRAVENTION TO ESTABLISHED POLICY AND PROCEDURE, AS WELL AS THE FUNDAMENTAL FAIRNESS THAT SUCH POLICY AND PROCEDURE ARE DESIGNED TO GUARANTEE.

POINT IV

THE PROCEEDINGS WAS NOT CONDUCTED IN CONFORMITY WITH THE CODE OF PROFESSIONAL CONDUCT.

POINT V

BECAUSE THE BOARD PANEL UTILIZED THE SAME AGGRAVATING REASONS TO DENY PAROLE AND ESTABLISH AN 100 MONTH FUTURE ELIGIBILITY TERM A SECOND TIME AS IT DID IN THEIR FIRST HEARINGS, THE DECISION IS CONTRAVENE TO THE SPIRIT OF N.J.S.A. 30:4-123.5-6, THE PRINCIPLES OF DOUBLE COUNTING AND JEOPARDY, FUNDAMENTAL FAIRNESS, 5TH AMENDMENT DUE PROCESS, AND 8TH AMENDMENT UNUSUAL PUNISHMENT.

We find insufficient merit in these arguments to warrant discussion in a written opinion, Rule 2:11-3(e)(2), and add only the following few comments.

4

Our standard of review is limited to evaluating whether the Parole Board acted arbitrarily or abused its discretion. See In re Vey, 272 N.J. Super. 199, 205-06 (App. Div. 1993). Parole decisions are "individualized discretionary appraisals." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)). Those decisions, moreover, are inherently subjective, and ultimately must be made by those with experience and expertise in this field. See Puchalski v. N.J. State Parole Bd., 104 N.J. Super. 294, 300 (App. Div. 1969) ("Such predictions as to future behavior are necessarily quite subjective and leave the Board with a broad discretion in the grant or denial of parole.") (citations omitted). While the Board has broad discretionary power, such power is not unlimited and is "always judicially reviewable for arbitrariness." Trantino, 166 N.J. at 173 (quoting Monks v. N.J. State Parole Bd., 58 N.J. 238, 242 (1971)).

As appellant committed his underlying offenses in 1988, the statute governing parole in effect at the time of his offenses establishes a presumption of parole that is overcome only if the Board finds "by a preponderance of the evidence . . . there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time." N.J.S.A. 30:4-123.53(a) (1979), amended by L. 1997, c. 213 § 1; N.J.S.A. 30:4-123.56(c)

(1979), amended by L. 1997, c. 213, § 2; see Trantino, 166 N.J. at 126 (explaining application of the 1979 Act). In making such a determination, the Board must consider all pertinent factors, including those set forth in N.J.A.C. 10A:71-3.11(b).

Here, the Board's determination to deny parole and to impose a one-hundred-month FET is well-supported by the evidence. The record reflects the Board considered all relevant aggravating and mitigating circumstances. Mitigating factors included that appellant was infraction free since his last panel, had participated in programs specific to his behavior, and achieved minimum custody status. Nevertheless, the Board also concluded appellant's "criminal behavior is deeply rooted, as evidenced by [his] very extensive criminal record." Further, the Board concurred with the determination of the Board panel that "based on the aggregate of all relevant factors, there is a substantial likelihood that [appellant] will commit another crime if released on parole." Additionally, the Board concurred with the Board panel's determination that appellant exhibited "insufficient problem resolution, . . . lack[ed] insight into [his] criminal behavior, minimize[d] [his] conduct, and [his] substance abuse problem has not been addressed."

Regarding appellant's argument that the proceedings were not conducted in conformity with the code of professional conduct, we disagree. The proceeding was held in conformity with N.J.A.C. 10A:71-3.13(m), which allows for proceedings to be conducted by videoconferencing. Moreover, the record is devoid of evidence that appellant was unable to communicate effectively with the Board panel, even if one panel member was not visible to him. As the full Board noted, at no time did appellant or any other party lodge an objection based on a communication problem.

Lastly, appellant argues the Board improperly relied on the same aggravating reasons used to deny him parole at his first hearing. Again, we are not persuaded. Board decisions are individualized determinations and are based on the record presented to the Board. Trantino, 166 N.J. at 173. N.J.A.C. 10A71-3.11(b)(1) to (23) contains a non-exhaustive list of factors the Board may consider in determining whether an inmate should be released on parole. Among the pertinent factors are "[f]acts and circumstances of the offense," as well as "[a]ggravating and mitigating factors surrounding the offense," "[s]tatements by the inmate reflecting on the likelihood that he or she will commit another crime; the failure to cooperate in his or her own rehabilitation; or the reasonable expectation that he or she will violate conditions of parole[,]" as well as "any

7

other factors deemed relevant[.]"  N.J.A.C. 10A71-3.11(b)(5); (6); (17).  "[T]he Board [must] focus its attention squarely on the likelihood of recidivism." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 565 (App. Div. 2002). Accordingly, the Board was entitled to consider not only appellant's updated information, but his personal and criminal history.  We also are satisfied that the same circumstances that led to the Board's denial of parole support its decision to impose a one-hundred-month FET.  In sum, we find nothing arbitrary or capricious about the Board's decision because it is supported by sufficient credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION